# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: RAPAPORT USA, INC., Plaintiff, -against- NIVODA USA LLC, Defendant | | |
|---|---|---|
| | District Court or Agency: Southern District of NY | Judge: Hon. Jed S. Rakoff |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 05-02-2025 | District Court Docket No.: 1:25-cv-00171-JSR |
| | Date the Notice of Appeal was Filed: 05-07-2025 | Is this a Cross Appeal? ☐ Yes ☑ No |

| **Attorney(s) for Appellant(s):** ☑ Plaintiff ☐ Defendant | Counsel's Name: Jordan Greenberger Michael Firestone | Address: 104 W. 40th St. 4th Fl. New York, NY 10018 | Telephone No.: (212) 597-2255 | Fax No.: N/A. | E-mail: jg@firegreenlaw.com mjf@firegreenlaw.com |
|---|---|---|---|---|---|
| **Attorney(s) for Appellee(s):** ☐ Plaintiff ☑ Defendant | Counsel's Name: Matthew Leish Gili Karev | Address: 161 Water Street New York, NY 10038 | Telephone No.: (646)779-4882 | Fax No.: | E-mail: matthew.leish@klarislaw.com gili.karev@klarislaw.com |

| Has Transcript Been Prepared? Yes | Approx. Number of Transcript Pages: 27 | Number of Exhibits Appended to Transcript: 0 | Has this matter been before this Circuit previously? ☑ Yes ☐ No  If Yes, provide the following:  Case Name: Rapaport v Nivoda (CONSOLIDATED)  2d Cir. Docket No.: 25-1065     Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party   ☐ Diversity | ☑ Final Decision   ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party)   ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right   ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- [x] Pre-trial
- [ ] During trial
- [ ] After trial

Fed. R. Civ. P. 12(b)(6) Motion

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [x] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [x] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [x] Denied: $ _____
- [x] Injunctions:
  - [ ] Preliminary
  - [x] Permanent
  - [x] Denied

Plaintiff sought damages pursuant to 17 U.S.C. 504(a) and a permanent injunction.

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [x] Copyright / Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?
- [ ] Yes
- [x] No

Will appeal raise a matter of first impression?
- [ ] Yes
- [x] No

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [x] Yes [ ] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [x] Yes [x] No

   If yes, state whether [ ] "A," or [ ] "B," or [ ] both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: Rapaport USA v Nivoda | Docket No. 25-1065 | Citation: | Court or Agency: 2nd Circuit (consolidated) |
|---|---|---|---|
| Name of Appellant: Rapaport USA, Inc. | | | |

| Date: 5/9/2025 | Signature of Counsel of Record: /s/ Jordan Greenberger |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

FIRESTONE GREENBERGER PLLC
*Attorneys for Plaintiff-Appellant*
Jordan Greenberger, Esq.
Michael Firestone, Esq.
104 West 40th Street, 4th Floor
New York, NY 10018
(212) 597-2255
jg@firegreenlaw.com
mjf@firegreenlaw.com

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| RAPAPORT USA, INC., | S.D.N.Y. Case No. 1:25-cv-00171-JSR |
| Plaintiff-Appellant, | |
| -against- | Second Circuit Case No. 25-1195 (consolidated with 25-1065) |
| NIVODA USA LLC, | **FORM C – ADDENDUM "A"** |
| Defendant-Respondent. | |

## I.  <u>NATURE OF THE ACTION</u>

This is an action for willful copyright infringement.  17 U.S.C. § 101 et seq.  Plaintiff-Appellant Rapaport USA, Inc. ("Rapaport") creates and publishes to its paid subscribers a price list for diamonds, known as The Rapaport Price List.  The Rapaport Price List is Rapaport USA's *opinion* as to what diamonds of different sizes, color and clarity should sell for in the market, and it is the result of Rapaport's extensive hard work and expertise in the diamond industry.  The Rapaport Price List is updated weekly to reflect changes in the global diamond markets, and it is a benchmark used internationally by dealers to establish diamond prices in all the major markets.

Defendant-Appellee Nivoda USA LLC ("Nivoda") offers an online diamond and gemstone marketplace.  In connection with its marketplace, Nivoda is copying and using The Rapaport Price List.  However, Nivoda does not have Rapaport's permission to copy, distribute, display, publish, create derivatives of, or otherwise exploit The Rapaport Price List.  Nivoda is

pirating The Rapaport Price List in order to grow its start-up marketplace and to unfairly compete with other diamond traders and trading platforms that subscribe to or otherwise have permission to use The Rapaport Price List.

## II. **RESULT BELOW**

In an Order entered April 10, 2025 (the "Order"), the District Court (Rakoff, J.) granted Nivoda's pre-answer Rule 12(b)(6) motion to dismiss Rapaport's original complaint with prejudice. [Doc. 32.] The Order was a bottom-line decision and stated that an "Opinion explaining the reasons for this ruling will issue in due course, after which final judgment will be entered." However, Rapaport understood the Order to be a "final decision" pursuant to 28 U.S.C. § 1291, and therefore timely filed a notice of appeal. [Doc. 33.] That appeal received 2nd Circuit docket no. 25-1065.

After Rapaport filed its notice of appeal from the Order, but before submitting the required Form C on that docket (25-1065), on May 2, 2025, the District Court issued its Opinion and Order (the "Opinion") explaining the reasoning for the Order. [Doc. 38.] In the Opinion, the District Court found that Rapaport's copyright infringement claims are barred by the merger doctrine and that amendment of the complaint would be futile.

Shortly thereafter, on May 2, 2025, the Clerk of Court entered a judgment (the "Judgment") stating: "That for the reasons stated in the Court's Order dated May 2, 2025, the Court grants Nivoda's motion to dismiss with prejudice; accordingly, the case is closed." [Doc. 39.]. On May 7, 2025, Rapaport filed a notice of appeal from the Opinion and Judgment, which was assigned 2nd Cir. docket no. 25-1195 and consolidated with the earlier appeal (25-1065).

## III. **COPY OF THE NOTICE OF APPEAL AND CURRENT LOWER COURT DOCKET SHEET**

A copy of the notice of appeal (from the Opinion and Judgment), as well as the current lower court docket sheet, is attached.

**IV.** **COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL**

A copy of the Opinion and Judgment, identified in the subject notice of appeal, is attached. Also attached is a copy of the Order (25-1065).

Dated: May 9, 2025

FIRESTONE GREENBERGER PLLC
*Attorneys for Appellant*

/s/ Jordan Greenberger

FIRESTONE GREENBERGER PLLC
*Attorneys for Plaintiff-Appellant*
Jordan Greenberger, Esq.
Michael Firestone, Esq.
104 West 40th Street, 4th Floor
New York, NY 10018
(212) 597-2255
jg@firegreenlaw.com
mjf@firegreenlaw.com

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| RAPAPORT USA, INC., | S.D.N.Y. Case No. |
| Plaintiff-Appellant, | 1:25-cv-00171-JSR |
| -against- | Second Circuit Case No. 25-1195 (consolidated with 25-1065) |
| NIVODA USA LLC, | **FORM C – ADDENDUM "B"** |
| Defendant-Appellee. | |

## I.  ISSUES PROPOSED TO BE RAISED ON APPEAL & STANDARD OF REVIEW

<u>Issue</u>:          Whether the District Court erred in granting Defendant-Appellee's Rule 12(b)(6) motion to dismiss Plaintiff-Appellant's original complaint with prejudice?

<u>Answer</u>:          Yes.  The District Court erred in dismissing the complaint with prejudice.

<u>Issue</u>:          Is Plaintiff-Appellant's copyright infringement claim barred by the merger doctrine?

<u>Answer</u>:          No.  The merger doctrine does not bar Plaintiff-Appellant's copyright infringement claim.  *CCC Info. Servs., Inc. v. Maclean Hunter Mkt. Reports*, 44 F.3d 61, 68-73 (2d Cir. 1994); *Kregos v. Associated Press*, 937 F.2d 700, 705-7 (2d Cir. 1991); *also, CDN Inc.*

1

*v. Kapes*, 197 F.3d 1256, 1257, 1261-62 (9th Cir. 1999). Appellant can use copyright law to protect its opinion of what should be the price for hypothetical diamonds, even if that opinion is expressed as a number.

<u>Standard of Review</u>: The Second Circuit reviews *de novo* a District Court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

In light of the *de novo* standard of review, to the extent that other (non-merger doctrine) arguments presented to the District Court arise on this (consolidated) appeal, Plaintiff-Appellant adopts all the arguments that it made in the District Court in opposition to the motion to dismiss, which in sum also include, *inter alia*:

1. Plaintiff sufficiently pleaded pre-litigation copyright registration of the Price List (17 U.S.C. § 411; *Morris v. Bus. Concepts, Inc.*, 259 F.3d 65, 68 (2d Cir. 2001));

2. The Price Lists are protectible under copyright law as an expression of Appellant's opinion, and not of facts (*see*, *CDN Inc. v. Kapes*, 197 F.3d 1256, 1257, 1262 (9th Cir. 1999); *CCC Info. Servs., Inc. v. Maclean Hunter Mkt. Reports*, 44 F.3d 61 (2d Cir. 1994));

3. Appellee is violating at least one of Appellant's exclusive rights under section 106 of the Copyright Ac (17 U.S.C. § 106), as pleaded in the complaint and confirmed by Appellee's motion papers;

2

4. Fair use (17 U.S.C. § 107) is not a viable defense in this copyright case on a Fed. R. Civ. P. 12(b) motion; and

5. If the complaint fails to state a claim, then Appellant should have been granted leave to amend rather than dismissing the original complaint with prejudice.

Dated: May 9, 2025

FIRESTONE GREENBERGER PLLC
*Attorneys for Appellant*

/s/ Jordan Greenberger

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAPAPORT USA, INC., | |
| Plaintiff, | |
| -against- | |
| NIVODA USA LLC, | |
| Defendant. | |

Case No.  1:25-cv-00171-JSR

**NOTICE OF APPEAL**

      **PLEASE TAKE NOTICE** that plaintiff Rapaport USA, Inc., hereby appeals to the United States Court of Appeals for the Second Circuit from the Opinion and Order [Doc. 38], and Judgment [Doc. 39], granting the defendant's motion to dismiss with prejudice and closing the case, both dated and entered May 2, 2025.

      **PLEASE TAKE FURTHER NOTICE** that Plaintiff is amenable to efficiently resolving any procedural issues resulting from having two notices of appeal in this action, so long as appellate jurisdiction is preserved (e.g., merging the two docket numbers; withdrawing one of the appeals upon confirmation from the Second Circuit that appellate jurisdiction will not be lost). Plaintiff filed a notice of appeal from the Order entered April 10, 2025 [Docs. 32-33], which has been assigned Docket Number 25-1065 by the Second Circuit Court of Appeals, because Plaintiff understands that Order to be a "final decision" for purposes of 28 U.S.C. § 1291 and Plaintiff wanted to avoid any potential issues with appellate jurisdiction given the uncertainty of when the district court would enter the opinion and judgment referenced in the Order.

Dated: May 7, 2025

FIRESTONE GREENBERGER PLLC
*Attorneys for Plaintiff-Appellant*
 /s/ Jordan Greenberger
Jordan Greenberger, Esq.
Michael Firestone, Esq.
14 Penn Plaza, 9th Floor
New York, NY 10122
(212) 597-2255
jg@firegreenlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
RAPAPORT USA, INC.,

                             Plaintiff,

             -against-                                   25 **CIVIL** 0171 (JSR)

                                                      <u>**JUDGMENT**</u>

NIVODA USA LLC,

                             Defendant.

-----------------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in the Court's Order dated May 2, 2025, the Court grants Nivoda's motion to dismiss with prejudice; accordingly, the case is closed.

**Dated:**  New York, New York

        May 2, 2025

                                         **TAMMI M HELLWIG**
                                   _____
                                       **Clerk of Court**

        **BY:**   _____
                                      **Deputy Clerk**

**United States District Court**
**Southern District of New York**

Tammi M. Hellwig
*Clerk of Court*

Dear Litigant:

Enclosed is a copy of the judgment entered in your case. If you disagree with a judgment or final order of the district court, you may appeal to the United States Court of Appeals for the Second Circuit. To start this process, file a "Notice of Appeal" with this Court's Pro Se Intake Unit.

You must file your notice of appeal in this Court within 30 days after the judgment or order that you wish to appeal is entered on the Court's docket, or, if the United States or its officer or agency is a party, within 60 days after entry of the judgment or order. If you are unable to file your notice of appeal within the required time, you may make a motion for extension of time, but you must do so within 60 days from the date of entry of the judgment, or within 90 days if the United States or its officer or agency is a party, and you must show excusable neglect or good cause for your inability to file the notice of appeal by the deadline.

Please note that the notice of appeal is a *one-page* document containing your name, a description of the final order or judgment (or part thereof) being appealed, and the name of the court to which the appeal is taken (the Second Circuit) – *it does not* include your reasons or grounds for the appeal. Once your appeal is processed by the district court, your notice of appeal will be sent to the Court of Appeals and a Court of Appeals docket number will be assigned to your case. At that point, all further questions regarding your appeal must be directed to that court.

The filing fee for a notice of appeal is $605 payable in cash, by bank check, certified check, or money order, to "Clerk of Court, S.D.N.Y." *No personal checks are accepted.* Please see District Court fee schedule at https://www.nysd.uscourts.gov/programs/fees. If you are unable to pay the $605 filing fee, complete the "Motion to Proceed *in forma pauperis* on Appeal" form and submit it with your notice of appeal to the Pro Se Intake Unit. If the district court denies your motion to proceed *in forma pauperis* on appeal, or has certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith, you may file a motion in the Court of Appeals for leave to appeal *in forma pauperis*, but you must do so within 30 days after service of the district court order that stated that you could not proceed *in forma pauperis* on appeal.

For additional issues regarding the time for filing a notice of appeal, see Federal Rule of Appellate Procedure 4(a). There are many other steps to beginning and proceeding with your appeal, but they are governed by the rules of the Second Circuit Court of Appeals and the Federal Rules of Appellate Procedure. For more information, visit the Second Circuit Court of Appeals website at **http://www.ca2.uscourts.gov/**.

THE DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

THE CHARLES L. BRIEANT, JR.
UNITED STATES COURTHOUSE
300 QUARROPAS STREET
WHITE PLAINS, NY 10601-4150

Rev. 12/4/24

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (      )(      )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties:    _____

_____

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the    ☐ judgment    ☐ order    entered on: _____

(date that judgment or order was entered on docket)

that: _____

_____

(If the appeal is from an order, provide a brief description above of the decision in the order.)

_____        _____
Dated                                                   Signature*

_____
Name (Last, First, MI)

_____
Address                          City                 State                          Zip Code

_____        _____
Telephone Number                                E-mail Address (if available)

_____

* Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case.  Fed. R. App. P. 3(c)(2).  Attach additional sheets of paper as necessary.

Rev. 12/23/13

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (      )(      )

**MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

I move under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time to file a notice of appeal in this action. I would like to appeal the judgment entered in this action on _____ but did not file a notice of appeal within the required
                                  date
time period because:

_____

_____

_____
(Explain here the excusable neglect or good cause that led to your failure to file a timely notice of appeal.)


_____        _____
Dated:                            Signature

_____
Name (Last, First, MI)

_____  _____  _____  _____
Address                    City        State               Zip Code

_____        _____
Telephone Number                  E-mail Address (if available)


Rev. 3/27/15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____          _____CV_____ (        )(        )
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-                                        **MOTION FOR LEAVE TO**
                                                 **PROCEED IN FORMA**
_____          **PAUPERIS ON APPEAL**

_____
(List the full name(s) of the defendant(s)/respondent(s).)


I move under Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *in forma*

*pauperis* on appeal. This motion is supported by the attached affidavit.


_____          _____
Dated                                    Signature

                                         _____
                                         Name (Last, First, MI)

_____
Address                    City          State                 Zip Code

_____          _____
Telephone Number                         E-mail Address (if available)


Rev. 12/23/13

# Application to Appeal In Forma Pauperis

_____v. _____     Appeal No. _____

District Court or Agency No. _____

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it.  Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
|  Signed: _____ |  Date: _____ |

My issues on appeal are: (<u>required</u>):

1.   *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |

- 1 -

12/01/2013 SCC

| | | | | |
|---|---|---|---|---|
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): | $ | $ | $ | $ |
| **Total monthly income:** | **$ 0** | **$ 0** | **$ 0** | **$ 0** |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4.      *How much cash do you and your spouse have? $_____*

        *Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5.      *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| | | Make and year: |
| | | Model: |
| | | Registration #: |

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6.      *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.      *State the persons who rely on you or your spouse for support.*

| Name [or, if a minor (i.e., underage), initials only] | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

8.      *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>      Are real estate taxes included? ☐ Yes ☐ No<br>      Is property insurance included? ☐ Yes ☐ No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |

| | | | |
|---|---|---|---|
| Transportation (not including motor vehicle payments) | | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | | |
| | Homeowner's or renter's: | $ | $ |
| | Life: | $ | $ |
| | Health: | $ | $ |
| | Motor vehicle: | $ | $ |
| | Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | | $ | $ |
| Installment payments | | | |
| | Motor Vehicle: | $ | $ |
| | Credit card (name): | $ | $ |
| | Department store (name): | $ | $ |
| | Other: | $ | $ |
| Alimony, maintenance, and support paid to others | | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | | $ | $ |
| Other (specify): | | $ | $ |
| **Total monthly expenses:** | | $ 0 | $ 0 |

9.    *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

☐ Yes        ☐ No        If yes, describe on an attached sheet.

10.    *Have you spent — or will you be spending —any money for expenses or attorney fees in connection with this lawsuit?* ☐ Yes ☐ No

*If yes, how much?* $ _____

11.    *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

12.    *Identify the city and state of your legal residence.*

City _____    State _____

Your daytime phone number: _____

Your age: _____    Your years of schooling: _____

Last four digits of your social-security number: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│  RAPAPORT USA, INC.,                 │
│                                      │
│            Plaintiff,                │
│                                      │
│       -against-                      │
│                                      │
│  NIVODA USA LLC,                     │
│                                      │
│            Defendant.                │
└─────────────────────────────────────┘
```

25-cv-171 (JSR)

OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.:

In January 2025, plaintiff Rapaport USA, Inc. ("Rapaport") filed suit against defendants Nivoda, USA LLC ("Nivoda"), Nivoda Limited, and David Sutton, alleging that they infringed its copyrights for "The Rapaport Price List." A month later, Rapaport voluntarily dismissed its claims against Nivoda Limited and David Sutton without prejudice. Nivoda has now moved to dismiss the remaining claim against it. After careful consideration, the Court grants the motion, and directs the filing of final judgment dismissing the complaint with prejudice.

I.   Background

The following facts are alleged in Rapaport's complaint or integral to it. Rapaport, a Nevada corporation that provides various services related to the sale of diamonds, creates and publishes "The Rapaport Price List" (the "List"), a chart that sets out "what diamonds of different sizes, colors, and clarity should sell for in the market." See ECF No. 1 ("Complaint") ¶ 2. The List is the "unique product of [Rapaport's] analysis and sophisticated expert industry opinion

1

derived from its extensive market research and proprietary knowledge, and from [its] decades of knowledge, investment, and industry relationships" Id. at ¶ 14; see also id. at ¶ 2. ("[The List] is the result of [Rapaport's] extensive hard work and expertise in the diamond industry."). As a result, the List serves as an "international benchmark" that is "used by dealers to establish diamond prices in all major markets." Id. To that end, the List is published in weekly editions that reflect "changes in the global diamond markets" and is distributed to paid subscribers every Thursday at 11:59 PM EST. Id. at ¶¶ 2, 15, 18.

Nivoda, a Delaware limited liability company, owns and operates an online diamond and gemstone marketplace. Id. at ¶ 21. Rapaport alleges that, since the summer of 2023, "Nivoda has been copying, publishing, distributing, creating derivatives of, and otherwise exploiting the entirety of [the List]" without authorization by "display[ing] diamond prices based upon or otherwise copied from [the List]" on its website. Id. at ¶¶ 22, 23, 25-27. Indeed, Nivoda's website displays the percentage difference between the price that Nivoda charges for particular diamonds and the international benchmark price for those diamonds, which is derived from the List.[1] For example,

---

[1] In connection with its motion to dismiss, Nivoda submitted screenshots of its website. See ECF No. 24, Exhibits 4 & 5. Although those screenshots were not attached to Rapaport's complaint, they are integral to it. After all, Rapaport's allegations are based on the contents of Nivoda's website. Moreover, Nivoda does not meaningfully dispute the authenticity or accuracy of the screenshots. Accordingly, the Court may consider them in deciding Nivoda's motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2002). Those

Nivoda's website indicates that Nivoda offered a particular diamond for "$1,870.72" at a "64.02%" discount. See ECF No. 24, Exhibit E, at 1. According to Rapaport, Nivoda website users can therefore access the prices on the List free of charge. Id. at ¶ 24. By thus exploiting the List, Nivoda has promoted the sale of its diamonds and thereby grown its business at the expense of Rapaport and other diamond traders that subscribe to the List.  Id. at ¶¶ 31-35.

In January 2025, Rapaport filed suit against Nivoda. The complaint also named Nivoda Limited (a related English company) and David Sutton (the co-founder and CEO of Nivoda and Nivoda Limited) as defendants. In the complaint, Rapoport alleged that Nivoda and Nivoda Limited had engaged in copyright infringement and that Sutton was vicariously liable for that infringement. Shortly thereafter, Rapaport moved to dismiss the claims against Nivoda Limited and Sutton without prejudice, which the Court granted. See ECF No. 17. Nivoda has now moved to dismiss the complaint with prejudice. See ECF No. 22.

II.  Legal Standard

On a motion to dismiss, courts must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light more favorable to plaintiff, and construe the complaint liberally."[2] Rescuecom Corp. v. Google, Inc.,

---

screenshots demonstrate that Nivoda's website publishes the percentage difference between the price that Nivoda charges for a particular diamond and the corresponding international benchmark.

[2] Unless otherwise indicated, all case quotations omit internal alterations, brackets, citations, ellipses, quotations, and quotation

562 F.3d 123, 127 (2d Cir. 2009). "In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

    III. Discussion

    Nivoda raises three alternative bases for dismissal. First, Nivoda argues that Rapaport has failed to allege that it holds valid copyrights for the weekly editions of the List. Second, Nivoda argues that Rapaport has not adequately alleged that Nivoda engaged in copyright infringement. And finally, Nivoda argues that the fair use defense applies in any event. If Rapaport has not adequately alleged that Nivoda engaged in copyright infringement, then the Court need not determine whether Rapaport adequately alleged that it holds valid copyrights for the weekly editions or whether the fair use defense

---

marks.

applies. Accordingly, the Court proceeds to consider whether Rapaport

has adequately alleged that Nivoda engaged in copyright infringement.

      A. Allegations of Infringement

    To determine whether Rapaport has adequately alleged that Nivoda

engaged in copyright infringement in this case, the Court must

determine whether the "merger doctrine" applies to the List.[3]

    "It has been long accepted that copyright protection does not

extend to ideas; it protects only the means of expression employed by

the author." CCC Info. Servs., Inc. v. Maclean Hunter Market Reports,

Inc., 44 F.3d 61, 68 (2d Cir. 1994); see also 17 U.S.C. § 102(b) ("In

no case does copyright protection for an original work of authorship

extend to any idea, procedure, process, system, method of operation,

concept, principle, or discovery, regardless of the form in which it

is described, explained, illustrated, or embodied in such work.").

"Because ideas are too important to the advancement of knowledge to

permit them to be under private ownership, and because open public

debate, which is essential to a free democratic society, requires free

access to the ideas to be debated, ideas cannot be copyrighted." N.Y.

Mercantile Exchange, Inc. v. Intercontinental Exchange, Inc., 497 F.3d

_____

[3] Nivoda invokes the merger doctrine to argue that the List is not
copyrightable. However, the Second Circuit has made clear that
"consideration of the merger doctrine takes place in light of [any]
alleged copying to determine if infringement has occurred, rather than
in an analyzing copyrightability of the original work." CCC Info.
Servs., Inc. v. Maclean Hunter Market Reports, Inc., 44 F.3d 61, 72
n.26 (2d Cir. 1994). Accordingly, the Court assumes without deciding
that the List is copyrightable and that Nivoda has copied it, and
proceeds to consider the applicability of the merger doctrine.

109, 116 (2d Cir. 2007). "Instead, only the manner of an idea's expression is copyrightable." Id.

"To ensure free access to ideas, courts have applied the merger doctrine." Id. "The merger doctrine bars a copyright of even original expression when there is essentially only one way to express an idea and thus the idea and its expression are inseparable." MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 194 (2d Cir. 2004); see N.Y. Mercantile Exchange, Inc., 497 F.3d at 116-17. Under such circumstances, "[t]he expression is . . . said to merge with [an] unprotected attribute [of the work]," thereby "depriv[ing] [the work] of protection." Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 132 n.4 (2d Cir. 2003). Courts must exercise "considerable care" in applying the merger doctrine. N.Y. Mercantile Exchange, Inc., 497 F.3d at 117. After all, "if the merger doctrine is applied too readily, arguably available alternative forms of expression will be precluded; if applied too sparingly, protection will be accorded to ideas." Id.

In applying the merger doctrine, courts must first identify "the idea that might be merging with its expression." Id. Here, the idea is the market price of diamonds based on their size, color, and clarity. As noted above, the complaint alleges that the List sets the "international benchmark" for "what diamonds of different sizes, colors, and clarity should sell for in the market" and that the prices on the List are "the unique product of [Rapaport's] analysis and sophisticated expert industry opinion derived from its extensive

market research and proprietary knowledge." Complaint ¶¶ 2, 14. The complaint further alleges that "Nivoda's marketplace service displays diamond prices based upon or otherwise copied from [the List]." Id. at ¶ 23. Therefore, for purposes of determining the applicability of the merger doctrine in this case, the key question is whether there are multiple ways to express the diamond prices featured on the List.

After careful consideration, the Court concludes that there are not. The only way to express the price of a particular diamond or type of diamond is with the specific number corresponding to that price. See BanxCorp v. Costco Wholesale Corp., 978 F. Supp. 2d 280, 310 (S.D.N.Y. 2013) ("[T]he simplicity and objectivity of the computation makes one and only one number the sole possible expression."). Accordingly, the merger doctrine applies to the List and Rapaport cannot be liable for copyright infringement.

In N.Y. Mercantile Exchange, the Second Circuit confronted similar allegations and reached the same conclusion. Plaintiff NYMEX Clearing House ("NYMEX"), a financial intermediary that facilitated the exchange of futures and options contracts for energy commodities on the New York Mercantile Exchange, determined settlement prices for settlement contracts on a daily basis. The settlement prices were defined as "the value, at the end of each trading day, of a particular futures contract for a particular commodity for future delivery at a particular time." N.Y. Mercantile Exchange, 497 F.3d at 111. NYMEX later filed a suit against defendant IntercontinentalExchange, Inc. ("ICE"), alleging that ICE had infringed its copyright for the

settlement prices by copying the prices, adjusting them for its own purposes, and forwarding them to another entity.

The Second Circuit disagreed with NYMEX and sided with ICE. Assuming without deciding that the settlement prices constituted original works rather than discovered facts about the market for futures contracts, the Second Circuit reasoned that "all possible expression [took] the same form" -- that is, "a number." Id. at 118. Put differently, there was no way to express the settlement prices other than with the numbers associated with those prices. Because "grant[ing] NYMEX copyright protection" would have "effectively accord[ed] protection to the idea itself" and prevented ICE from valuing NYMEX's contracts, the Second Circuit concluded that the merger doctrine applied and declined to extend copyright protection to NYMEX's settlement prices. Id.; see also id. ("[I]n using the settlement prices, ICE took nothing more than ideas, for which the copyright law affords no protection to the author.").

Another district court in the Southern District reached a similar conclusion in BanxCorp. In that case, the district court was asked to consider the applicability of the merger doctrine to a publisher's list of national average rates of interest for various financial products. Assuming, as the Second Circuit had in N.Y. Mercantile Exchange, that those rates constituted expression rather than facts, the court emphasized that the averages were "economic indicators expressed in numerical form." Id. at 308. The "crucial point" was that the "expressive variation" of the rates was "very low, even negligible"

because "the purpose of computing and publishing a national average rate [was] to give the consumer or the customer insight into the fact of what [was] going on in a national market" -- in other words, to "create a benchmark." Id. at 310-11 (emphasis in original). Accordingly, there was no "wide variation" of possible expression. Id. at 311.

In reaching its conclusion in this case, the Court does not hold that the merger doctrine necessarily applies any time the "idea that might be merging with [the] expression," N.Y. Mercantile Exchange, Inc., 497 F.3d at 117, involves a number. The merger doctrine may well sweep that broadly, but the Court need not reach that holding to resolve this case. Here, as in N.Y. Mercantile Exchange and BanxCorp, the plaintiff alleged that its expression consisted of numbers that served to set an industry benchmark and that the defendant had infringed its copyrights by copying and using those numbers for its own purposes -- in this case, to contextualize the prices on its website. The plaintiff did not allege, for example, that the defendant distributed its own weekly price charts, which were both substantively and stylistically identical to Rapaport's weekly editions of the List. Assuming without deciding that Rapaport holds valid copyrights for the weekly editions of the List and that Nivoda copied those editions, the Court therefore applies the merger doctrine and concludes that Rapaport has not adequately alleged that Nivoda engaged in copyright infringement.

B. Leave to Amend

Having determined that Rapaport has failed to adequately allege copyright infringement as necessary to survive Nivoda's motion to dismiss, the Court proceeds to consider whether it would be appropriate to grant Rapaport leave to amend.

"Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a court should freely give leave to amend the complaint when justice so requires." Absolute Activist Value Master Fund Ltd. v. Ficeto, 677 F.3d 60, 71 (2d Cir. 2012) (discussing Federal Rule of Civil Procedure 15(a)(2)). However, "[m]otions to amend should generally be denied in instances of futility." McCraken v. Verisma Sys. Inc., 91 F.4th 600, 610 (2d Cir. 2024). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies." Rukoro v. Fed. Rep. of Germany, 976 F.3d 218, 228 (2d Cir. 2020).

The Court declines to grant leave to amend in this case. At bottom, Rapaport alleges that Nivoda engaged in copyright infringement by copying the prices on the List, which serves as a benchmark for diamond prices worldwide. However, as discussed above, pursuant to the merger doctrine, such copying cannot give rise to copyright infringement under the merger doctrine. Under these circumstances, amendment would be futile, so the Court does not grant leave to amend.[4]

_____

[4] It should be noted that Rapaport has already filed a purported notice of appeal. On April 10, 2025, this Court issued an Order, which stated that Nivoda's motion was granted with prejudice, but that "[a]n Opinion explaining the reasons for [that] ruling [would] issue in due course, after which final judgment [would] be entered." See ECF No. 32. Two weeks later, before the Court issued this Opinion, and therefore before

IV.  Conclusion

For the foregoing reasons, the Court grants Nivoda's motion to dismiss with prejudice. The Clerk of Court is respectfully directed to enter final judgment dismissing the complaint with prejudice, and to close the case.

SO ORDERED.

New York, NY
 5/2 , 2025

_____
JED S. RAKOFF, U.S.D.J.

---

final judgment was entered, Rapaport filed a purported notice of appeal. See ECF No. 33.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ RAPAPORT USA, INC.,             │
│                                 │
│            Plaintiff,           │
│                                 │
│     -against-                   │
│                                 │
│ NIVODA USA LLC,                 │
│                                 │
│            Defendant.           │
└─────────────────────────────────┘
```

25-cv-171 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

    In January 2025, plaintiff Rapaport USA, Inc. ("Rapaport") filed suit against defendants Nivoda, USA LLC ("Nivoda"), Nivoda Limited, and David Sutton, alleging that defendants infringed its copyright for "The Rapaport Price List." See ECF No. 1. A month later, Rapaport voluntarily dismissed its claims against Nivoda Limited and David Sutton without prejudice. See ECF No. 17. Nivoda has now moved to dismiss the remaining claim against it. After careful consideration, the Court grants the motion with prejudice. An Opinion explaining the reasons for this ruling will issue in due course, after which final judgment will be entered.

    SO ORDERED.

New York, NY
4/10 , 2025

JED S. RAKOFF, U.S.D.J.

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00171-JSR

Rapaport USA, Inc. v. Nivoda USA LLC et al

Assigned to: Judge Jed S. Rakoff

Cause: 17:101 Copyright Infringement

Date Filed: 01/08/2025

Date Terminated: 05/02/2025

Jury Demand: Plaintiff

Nature of Suit: 820 Copyright

Jurisdiction: Federal Question

**Plaintiff**

**Rapaport USA, Inc.**                    represented by **Gili Karev**
Klaris Law
430 West 14th Street
New York, NY 10014
347-326-2305
Email: gili.karev@klarislaw.com
*ATTORNEY TO BE NOTICED*

**Michael Joseph Firestone**
Firestone Greenberger PLLC
Firestone Greenberger PLLC
104 W. 40th St.
Ste 4th Floor
New York, NY 10018
212-597-2255
Email: mjf@firegreenlaw.com
*ATTORNEY TO BE NOTICED*

**Jordan Daniel Greenberger**
Firestone Greenberger PLLC
104 West 40th Street
Ste 4th Floor
New York, NY 10018
212-597-2255
Email: jg@firegreenlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Nivoda USA LLC**                    represented by **Matthew Aaron Leish**
Klaris Law
161 Water Street
Suite 904
New York, NY 10038
646-779-4882
Email: matthew.leish@klarislaw.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Gili Karev**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nivoda Limited**                           represented by **Gili Karev**
*TERMINATED: 02/06/2025*                              (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**David Sutton**                             represented by **Gili Karev**
*TERMINATED: 02/06/2025*                              (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/08/2025 | 1 | COMPLAINT against NIVODA LIMITED, NIVODA USA LLC, David Sutton. (Filing Fee $ 405.00, Receipt Number ANYSDC-30430356)Document filed by Rapaport USA, Inc...(Greenberger, Jordan) (Entered: 01/08/2025) |
| 01/08/2025 | 2 | CIVIL COVER SHEET filed..(Greenberger, Jordan) (Entered: 01/08/2025) |
| 01/08/2025 | 3 | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review..(Greenberger, Jordan) (Entered: 01/08/2025) |
| 01/08/2025 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to NIVODA USA LLC, re: 1 Complaint. Document filed by Rapaport USA, Inc...(Greenberger, Jordan) (Entered: 01/08/2025) |
| 01/08/2025 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to NIVODA LIMITED, re: 1 Complaint. Document filed by Rapaport USA, Inc...(Greenberger, Jordan) (Entered: 01/08/2025) |
| 01/08/2025 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to David Sutton, re: 1 Complaint. Document filed by Rapaport USA, Inc...(Greenberger, Jordan) (Entered: 01/08/2025) |
| 01/10/2025 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jed S. Rakoff. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 01/10/2025) |
| 01/10/2025 | | Magistrate Judge Robyn F. Tarnofsky is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 01/10/2025) |
| 01/10/2025 | | Case Designated ECF. (jgo) (Entered: 01/10/2025) |
| 01/10/2025 | | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Jordan Daniel Greenberger. The following case opening statistical information was erroneously selected/entered: County code New York;. The following correction(s) have been made |

| | | |
|---|---|---|
| | | **to your case entry: the County code has been modified to XX Out of State;. (jgo) (Entered: 01/10/2025)** |
| 01/10/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Jordan Daniel Greenberger. The party information for the following party/parties has been modified: NIVODA USA LLC; NIVODA LIMITED. The information for the party/parties has been modified for the following reason/reasons: party name was entered in all caps;. (jgo)** (Entered: 01/10/2025) |
| 01/10/2025 | 7 | ELECTRONIC SUMMONS ISSUED as to David Sutton..(jgo) (Entered: 01/10/2025) |
| 01/10/2025 | 8 | ELECTRONIC SUMMONS ISSUED as to Nivoda Limited..(jgo) (Entered: 01/10/2025) |
| 01/10/2025 | 9 | ELECTRONIC SUMMONS ISSUED as to Nivoda USA LLC..(jgo) (Entered: 01/10/2025) |
| 01/10/2025 | 10 | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights..(jgo) (Entered: 01/10/2025) |
| 01/14/2025 | 11 | AFFIDAVIT OF SERVICE of Summons and Complaint. Nivoda USA LLC served on 1/13/2025, answer due 2/3/2025. Service was accepted by New York Secretary of State. Document filed by Rapaport USA, Inc...(Greenberger, Jordan) (Entered: 01/14/2025) |
| 01/14/2025 | 12 | NOTICE OF COURT CONFERENCE: Initial Conference set for 1/30/2025 at 11:00 AM before Judge Jed S. Rakoff. The dial-in information for the call will be as follows: USA Toll-Free : (855) 244-8681; Access Code: 23174323257. SO ORDERED (Signed by Judge Jed S. Rakoff on 1/14/2025) (ks) (Entered: 01/14/2025) |
| 01/21/2025 | 13 | NOTICE OF APPEARANCE by Matthew Aaron Leish on behalf of Nivoda USA LLC.. (Leish, Matthew) (Entered: 01/21/2025) |
| 01/21/2025 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 1/21/2025, without transcription or recording. Counsel for all parties was present. The unopposed motion to adjourn the initial pretrial conference is hereby granted. The initial pretrial conference will now be held on 2/3/2025 at 3:30 PM. The dial-in information for the call will be as follows: USA Toll-Free : (855) 244-8681; Access Code: 23174323257. SO ORDERED.( Telephone Conference set for 2/3/2025 at 03:30 PM before Judge Jed S. Rakoff.). (Kotowski, Linda) (Entered: 01/22/2025) |
| 01/22/2025 | 14 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Rapaport USA, Inc...(Greenberger, Jordan) (Entered: 01/22/2025) |
| 02/05/2025 | 15 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, without prejudice and without costs against the defendant(s) Nivoda Limited, David Sutton. Document filed by Rapaport USA, Inc.. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)**...(Greenberger, Jordan) (Entered: 02/05/2025) |

| 02/05/2025 | 16 | CIVIL CASE MANAGEMENT PLAN: The Case is to be tried to a jury. Nivoda Limited answer due 2/19/2025; Nivoda USA LLC answer due 2/19/2025; David Sutton answer due 2/19/2025. Amended Pleadings due by 3/5/2025. Motions due by 5/29/2025. Responses due by 6/12/2025 Replies due by 6/19/2025. Deposition due by 5/15/2025. Discovery due by 5/15/2025. Oral Argument set for 6/26/2025 at 04:00 PM before Judge Jed S. Rakoff. Final Pretrial Conference set for 6/26/2025 at 04:00 PM before Judge Jed S. Rakoff. Ready for Trial by 6/30/2025. SO ORDERED (Signed by Judge Jed S. Rakoff on 2/5/2025) (ks) (Entered: 02/05/2025) |
| 02/05/2025 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 2/5/2025, ( Final Pretrial Conference set for 6/26/2025 at 04:00 PM before Judge Jed S. Rakoff., Oral Argument set for 6/26/2025 at 04:00 PM before Judge Jed S. Rakoff in courtroom 14B of 500 Pearl Street New York City, NY.). (Kotowski, Linda) (Entered: 02/05/2025) |
| 02/06/2025 | | **\*\*\*NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 15 Notice of Voluntary Dismissal was reviewed and referred to Judge Jed S. Rakoff for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (km)** (Entered: 02/06/2025) |
| 02/06/2025 | 17 | NOTICE OF PARTIAL VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i): Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) RAPAPORT USA, INC. and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, without prejudice against the defendant(s) NIVODA LIMITED (without prejudice), and DAVID SUTTON (without prejudice), but not against defendant NIVOOA USA LLC. Does not terminate the case against the remaining defendant. SO ORDERED (Signed by Judge Jed S. Rakoff on 2/6/2025) Nivoda Limited and David Sutton terminated. (ks) (Entered: 02/06/2025) |
| 02/10/2025 | 18 | **FILING ERROR - DEFICIENT DOCKET ENTRY - FILER ERROR -** MOTION for Gili Karev to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30590344. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Rapaport USA, Inc.. (Attachments: # 1 Affidavit Affidavit, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order Proposed Order).(Karev, Gili) Modified on 2/10/2025 (rju). (Entered: 02/10/2025) |
| 02/10/2025 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 18 MOTION for Gili Karev to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30590344. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): Per attorney's request, motion was marked deficient. Wrong party chosen.; Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (rju)** (Entered: 02/10/2025) |
| 02/10/2025 | 19 | MOTION for Gili Karev to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Nivoda USA LLC, Nivoda Limited, David Sutton. (Attachments: # 1 Affidavit Affidavit, # 2 Proposed Order Proposed Order, # 3 Exhibit Certificate of Good Standing).(Karev, Gili) (Entered: 02/10/2025) |
| 02/10/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 19 MOTION for Gili Karev to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 02/10/2025) |

| 02/11/2025 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 2/11/2025, without transcription or recording. Counsel for all parties was present. The Court sets the following briefing schedule for the motion to dismiss. Opening brief due 3/4/2025, answering brief due 3/25/2025, reply brief due 4/1/2025. Oral argument on the motion to dismiss will be held on 4/7/2025 at 3 PM before Judge Jed S. Rakoff in courtroom 14B of 500 Pearl Street, New York City, NY. SO ORDERED.( Oral Argument set for 4/7/2025 at 03:00 PM before Judge Jed S. Rakoff.). (Kotowski, Linda) (Entered: 02/11/2025) |
|---|---|---|
| 02/11/2025 | 20 | ORDER FOR ADMISSION PROHAC VICE granting 19 Motion for Gili Karev to Appear Pro Hac Vice. (Signed by Judge Jed S. Rakoff on 2/11/2025) (ks) (Entered: 02/11/2025) |
| 02/14/2025 | 21 | NOTICE OF APPEARANCE by Michael Joseph Firestone on behalf of Rapaport USA, Inc...(Firestone, Michael) (Entered: 02/14/2025) |
| 03/04/2025 | 22 | MOTION to Dismiss . Document filed by Nivoda USA LLC. Responses due by 3/25/2025 Return Date set for 4/7/2025 at 03:00 PM..(Leish, Matthew) (Entered: 03/04/2025) |
| 03/04/2025 | 23 | MEMORANDUM OF LAW in Support re: 22 MOTION to Dismiss . . Document filed by Nivoda USA LLC..(Leish, Matthew) (Entered: 03/04/2025) |
| 03/04/2025 | 24 | DECLARATION of Jessica Young in Support re: 22 MOTION to Dismiss .. Document filed by Nivoda USA LLC. (Attachments: # 1 Exhibit Exhibit A to Young Decl. - Rapaport Price List, # 2 Exhibit Exhibit B to Young Decl. - Rapaport Magazine, # 3 Exhibit Exhibit C to Young Decl. - Pages from additional Rapaport Magazines, # 4 Exhibit Exhibit D to Young Decl. - Nivoda web site home page, # 5 Exhibit Exhibit E to Young Decl. - listing from Nivoda web site).(Leish, Matthew) (Entered: 03/04/2025) |
| 03/04/2025 | 25 | DECLARATION of Matthew A. Leish in Support re: 22 MOTION to Dismiss .. Document filed by Nivoda USA LLC. (Attachments: # 1 Exhibit A - Complaint, # 2 Exhibit B - Copyright Registration Search Results).(Leish, Matthew) (Entered: 03/04/2025) |
| 03/06/2025 | 26 | DECLARATION of Matthew A. Leish in Support re: 22 MOTION to Dismiss .. Document filed by Nivoda USA LLC. (Attachments: # 1 Exhibit 1 Part A - Deposit copy for registration TX9428011, # 2 Exhibit 1 Part B, # 3 Exhibit 1 Part C, # 4 Exhibit 2 - Deposit copy for registration TX9432525, # 5 Exhibit 3 - Deposit copy for registration TX9431797, # 6 Exhibit 4 Part A - Deposit copy for registration TX9400960, # 7 Exhibit 4 Part B, # 8 Exhibit 4 Part C, # 9 Exhibit 5 Part A - Deposit copy for registration TX9400949, # 10 Exhibit 5 Part B, # 11 Exhibit 6 Part A - Deposit copy for registration TX9412028, # 12 Exhibit 6 Part B, # 13 Exhibit 7 Part A - Deposit copy for registration TX9382702, # 14 Exhibit 7 Part B, # 15 Exhibit 8 Part A - Deposit copy for registration TX9140923, # 16 Exhibit 8 Part B, # 17 Exhibit 8 Part C).(Leish, Matthew) (Entered: 03/06/2025) |
| 03/12/2025 | 27 | TRANSCRIPT of Proceedings re: CONFERENCE held on 2/5/2025 before Judge Jed S. Rakoff. Court Reporter/Transcriber: Eve Giniger, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/2/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/10/2025..(McGuirk, Kelly) (Entered: 03/12/2025) |
| 03/12/2025 | 28 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 2/5/2025 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 03/12/2025) |

| 03/20/2025 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 3/20/2025without transcription or recording. Counsel for all parties was present. Defendants unopposed application to file a supplemental declaration regarding ECF No. 24 is granted on consent. However, plaintiff retains the right to raise arguments concerning the permissibility of all of defendants declarations and corresponding exhibits. SO ORDERED.. (Kotowski, Linda) (Entered: 03/21/2025) |
| --- | --- | --- |
| 03/21/2025 | 29 | DECLARATION of Jessica Young in Support re: 22 MOTION to Dismiss .. Document filed by Nivoda USA LLC. (Attachments: # 1 Exhibit Exhibit A - screenshot of price calculator).(Leish, Matthew) (Entered: 03/21/2025) |
| 03/25/2025 | 30 | MEMORANDUM OF LAW in Opposition re: 22 MOTION to Dismiss . . Document filed by Rapaport USA, Inc...(Greenberger, Jordan) (Entered: 03/25/2025) |
| 04/01/2025 | 31 | REPLY MEMORANDUM OF LAW in Support re: 22 MOTION to Dismiss . . Document filed by Nivoda USA LLC..(Leish, Matthew) (Entered: 04/01/2025) |
| 04/07/2025 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Oral Argument held on 4/7/2025 re: 22 MOTION to Dismiss . filed by Nivoda USA LLC. (Kotowski, Linda) (Entered: 04/18/2025) |
| 04/10/2025 | 32 | ORDER granting 22 Motion to Dismiss. After careful consideration, the Court grants the motion with prejudice. An Opinion explaining the reasons for this ruling will issue in due course, after which final judgment will be entered. SO ORDERED.. (Signed by Judge Jed S. Rakoff on 4/10/2025) (ks) (Entered: 04/10/2025) |
| 04/25/2025 | 33 | NOTICE OF APPEAL from 32 Order on Motion to Dismiss. Document filed by Rapaport USA, Inc.. Filing fee $ 605.00, receipt number ANYSDC-30986562. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Greenberger, Jordan) (Entered: 04/25/2025) |
| 04/25/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 33 Notice of Appeal. (tp) (Entered: 04/25/2025) |
| 04/25/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 33 Notice of Appeal, filed by Rapaport USA, Inc. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/25/2025) |
| 04/29/2025 | 34 | TRANSCRIPT of Proceedings re: ARGUMENT held on 4/7/2025 before Judge Jed S. Rakoff. Court Reporter/Transcriber: Dana Holland, (212) 805-0320. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/20/2025. Redacted Transcript Deadline set for 5/30/2025. Release of Transcript Restriction set for 7/28/2025..(McGuirk, Kelly) (Entered: 04/29/2025) |
| 04/29/2025 | 35 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 4/7/2025 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 04/29/2025) |
| 05/01/2025 | 36 | NOTICE OF CHANGE OF ADDRESS by Jordan Daniel Greenberger on behalf of Rapaport USA, Inc.. New Address: Firestone Greenberger PLLC, 104 West 40th Street, 4th Floor, New York, New York, United States 10018, 2125972255..(Greenberger, Jordan) (Entered: 05/01/2025) |

| 05/01/2025 | 37 | NOTICE OF CHANGE OF ADDRESS by Michael Joseph Firestone on behalf of Rapaport USA, Inc.. New Address: Firestone Greenberger PLLC, 104 W. 40th St., 4th Fl., New York, New York, USA 10018, (212) 597-2255..(Firestone, Michael) (Entered: 05/01/2025) |
|---|---|---|
| 05/02/2025 | 38 | OPINION AND ORDER: For the foregoing reasons, the Court grants Nivoda's motion to dismiss with prejudice. The Clerk of Court is respectfully directed to enter final judgment dismissing the complaint with prejudice, and to close the case. SO ORDERED. (Signed by Judge Jed S. Rakoff on 5/2/2025) (ks) Transmission to Orders and Judgments Clerk for processing. (Entered: 05/02/2025) |
| 05/02/2025 | 39 | CLERK'S JUDGMENT re: 38 Opinion & Order. in favor of Nivoda USA LLC against Rapaport USA, Inc. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Order dated May 2, 2025, the Court grants Nivoda's motion to dismiss with prejudice; accordingly, the case is closed. (Signed by Clerk of Court Tammi M Hellwig on 5/2/2025) (Attachments: # 1 notice of right to appeal) (nd) (Entered: 05/02/2025) |
| 05/02/2025 | 40 | AO 121 FORM COPYRIGHT - CASE TERMINATED- SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a final decision was rendered on 5/2/2025 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights..(nd) (Entered: 05/02/2025) |
| 05/07/2025 | 41 | NOTICE OF APPEAL from 39 Clerk's Judgment, 38 Memorandum & Opinion,. Document filed by Rapaport USA, Inc.. Filing fee $ 605.00, receipt number ANYSDC-31046481. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit.. (Greenberger, Jordan) (Entered: 05/07/2025) |
| 05/07/2025 |  | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 41 Notice of Appeal. (tp) (Entered: 05/07/2025) |
| 05/07/2025 |  | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 41 Notice of Appeal, filed by Rapaport USA, Inc. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/07/2025) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/09/2025 10:23:07 | | |
| **PACER Login:** | jdgreenb316 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-00171-JSR |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |